IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH BROOKBANK. | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:15CV165 |
| ANTHEM LIFE INSURANCE COMPANY | ) Judge J. DLOTT |
| Defendant. | ) |

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO:

Defendant, Anthem Life Insurance Company ("Anthem Life"), hereby respectfully removes to the United States District Court the state court action described below, and states as follows:

### INTRODUCTION

1. On February 2, 2015, an action was commenced in the Court of Common Pleas for Butler County, Ohio, captioned <u>Elizabeth Brookbank v. Anthem Life Insurance Company</u>, Case No. 2015-02-0275. Pursuant to 28 U.S.C. § 1446(a), Anthem Life has attached copies of all process, pleadings and orders served on it in the above-referenced action as Exhibit A to this Notice of Removal.

2. Defendant Anthem Life was served with the Complaint and Summons on February 9, 2015. Anthem Life is filing this Notice of Removal within 30 days of the date on

which they were served with the Complaint and Summons. This Notice of Removal therefore is timely under 28 U.S.C. § 1446(b).

3. Anthem Life is the only defendant named in the case, and therefore, there are no other defendants from whom consent would be required to remove this action to this Court.

4. Anthem Life removes this case pursuant to 28 U.S.C. § 1441 as an action over which this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a). This case raises a federal question and, thus, is removable on the following basis: Plaintiff raises a claim for benefits against Anthem Life that is covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. To the extent Plaintiff is stating a state law, as opposed to federal law, claim for benefits, that claim is completely preempted by federal law. *See Aetna Health v. Davila*, 542 U.S. 200, 208-11 (2004); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987).

5. In addition, Anthem Life removes this case pursuant to 28 U.S.C. § 1441 and 28 U.S.C. §1332(a) because this Court has diversity jurisdiction over this matter. There is complete diversity between Plaintiff, an Ohio resident, and Anthem Life, an Indiana corporation with its principal place of business in Indiana. Further, the amount in controversy exceeds $75,000 exclusive of interest and costs.

## NATURE OF THE CASE

6. Plaintiff alleges that she is covered by the Anthem Life Long Term Disability Plan (the "Plan"). She further alleges that she is entitled to disability benefits under that policy, and that Anthem Life has denied those benefits. *See* Complaint, ¶¶ 5, 7-8, 10, 12.

7. The Plan is an employee benefit plan that is covered by ERISA. See 29 U.S.C. § 1003. ERISA, therefore, contains the exclusive remedy for obtaining benefits under the Plan.

Pursuant to 29 U.S.C. § 1132(a)(1)(B), a participant or beneficiary may bring an action "to recover benefits due to him under the terms of his plan, [and] to enforce his rights under the terms of the plan[.]"

8. Because Plaintiff asserts a claim against Anthem Life that seeks benefits under the Plan, this is an action under ERISA, 29 U.S.C. § 1132(a)(1)(B), over which this Court has jurisdiction, 29 U.S.C. § 1132(e), (f).

## GROUNDS FOR REMOVAL

9. This case is removable pursuant to 28 U.S.C. § 1441, based on federal question jurisdiction existing under 28 U.S.C. § 1331. The Court has federal question jurisdiction because Plaintiff's claim against Anthem Life seeks benefits under an employee benefit plan governed by ERISA, over which this Court has jurisdiction under 29 U.S.C. § 1132. *See Davila*, 542 U.S. at 208-11.

10. Under 28 U.S.C. §§ 1367 and 1441(c), only one cause of action in a case need be subject to federal jurisdiction, and thus removable, in order for the Court to have jurisdiction to determine all issues in the case. The ERISA claim against Anthem Life, described above, therefore gives this Court jurisdiction over this action and makes this case removable to federal court.

11. In addition, this case is also removable pursuant to 28 U.S.C. §1332(a) based on diversity jurisdiction. Because Plaintiff is an Ohio resident (*see* Compl. ¶ 1), and Anthem Life is an Indiana Corporation with its principal place of business in Indiana, this is a suit between citizens of different states. Because Plaintiff seeks punitive damages and attorney fees in addition to undefined compensatory damages in excess of $25,000, the total amount in controversy of this case exceeds $75,000.

3

12. Anthem Life is the only defendant named in the case, and it agrees to removal of this action to this Court.

13. Venue is proper in this District and in this Division pursuant to 28 U.S.C. § 1441(a) and 29 U.S.C. § 1132(e)(2).

14. Pursuant to 28 U.S.C. § 1446(d), Anthem Life will promptly provide written notice of this removal to the Butler County Court of Common Pleas.

WHEREFORE, Defendant Anthem Life Insurance Company gives notice that the above-described action in the Butler County Court of Common Pleas is removed to this Court.

Dated: March 6, 2015

Respectfully submitted,

Kent A. Britt (0068182)
Daniel C. Morgenstern (0088289)
VORYS, SATER, SEYMOUR and PEASE LLP
301 East Fourth Street, Suite 3500
Great American Tower
Cincinnati, Ohio 45202
Telephone: 513.723.4488
Facsimile: 513.852.7830
Email: kabritt@vorys.com
dcmorgenstern@vorys.com

*Counsel for Anthem Life Insurance Company*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing Notice of Removal was served upon the following by regular U.S. mail, first-class postage prepaid, this 6th day of March, 2015:

David T. Davidson
DAVIDSON LAW OFFICES CO. LPA
127 N. Second Street
P.O. Box 567
Hamilton, Ohio 45011

*Counsel For Plaintiff Elizabeth Brookbank*

                                                 Kent A. Britt